UNITED STATES, Appellee,

v.

Kenneth J. DeYOUNG, Private, U.S. Army, Appellant.

No. 61,459.

CM 8800631.

United States Court of Military Appeals.

Sept. 28, 1989.

For Appellant: *Captain Pamela J. Dominisse* (argued); *Colonel John T. Edwards* and *Major Marion E. Winter* (on brief).

For Appellee: *Captain Jonathan F. Potter* (argued); *Lieutenant Colonel Gary F. Roberson, Major Gary L. Hausken, Captain Patrick D. O'Hare* (on brief); *Major Daniel J. Dell'Orto.*

*Opinion of the Court*

SULLIVAN, Judge:

On March 23, 1988, appellant was tried by a military judge sitting alone at a general court-martial at Camp Casey, Republic of Korea. Pursuant to his pleas, appellant was found guilty of absence without leave, wrongful use of marijuana, larceny, wrongful appropriation, and uttering 13 worthless checks, in violation of Articles 86, 112a, 121, and 123a, Uniform Code of Military Justice, 10 USC §§ 886, 912a, 921, and 923a, respectively. He was sentenced to a bad-conduct discharge and confinement for 16 months. The convening authority, acting pursuant to a pretrial agreement, approved the sentence as adjudged but suspended confinement in excess of 1 year and 1 day for 1 year. The Court of Military Review affirmed the findings and sentence. 27 MJ 595 (1988).

This Court granted the following issue for review:

WHETHER THE MILITARY JUDGE IMPROPERLY REFUSED TO RULE ON APPELLANT'S OBJECTIONS TO THE STIPULATION OF FACT.

We hold that the military judge erred in refusing to rule on appellant's objections, but such error was not prejudicial in this case. Art. 59(a), UCMJ, 10 USC § 859(a).

The evidence of record establishes that trial counsel proffered a stipulation of fact. In relevant part, this stipulation stated:

It is agreed between the trial counsel and defense counsel, with the express consent of the accused, that the following facts are true, susceptible of proof and admissible without objection in the above captioned case.

Private Kenneth J. DeYoung, the accused, entered active duty in the United States Army on 1 March 1984 and has been on continuous active duty since that time. The accused arrived in Korea on 4 March 1987, after a 2½ year tour at Fort Hood, and has been assigned to the 2d Supply and Transport Battalion Division Support Command, 2d Infantry Division since then. A quick glance at the accused's service record prior to the acts giving rise to this court-martial shows the following:

December 1984—drunk and disorderly, disrespect to Charge of Quarters

March 1986—drunk driving

April 1986—positive urinalysis for marijuana

April 1987—black marketing $3269.00 worth of duty free/tax free goods and possession of a false Letter of Authorization Purchase Record

August 1987—AWOL, missing movement, FTR

[Failure To Repair]

Defense counsel objected to the listing of uncharged misconduct in this stipulation on the basis that it exceeded the scope of his agreement with the convening authority. He argued that appellant had only agreed to stipulate to facts which were necessary to sustain his pleas. In addition, defense counsel cited the Court of Military Review's decision in *United States v. Glazier*, 24 MJ 550 (ACMR 1987), *aff'd*, 26 MJ 268 (CMA 1988), for the proposition that a stipulation of fact cannot contain otherwise inadmissible evidence. Accordingly, defense counsel requested that the section delineating the uncharged misconduct be excised from the stipulation. Nonetheless, defense counsel went on to state:

If, however, you rule that this evidence is admissible and that we'd be violating the pretrial agreement by objecting to it, then we'll sign it and Private DeYoung will have no objection. But we wish to have this objection noted and reviewed here.

The military judge did not rule upon defense counsel's objection but explained to appellant what a stipulation of fact was and how it could be used. In relevant part, the following colloquy ensued:

DC: Your Honor, before you ask Private DeYoung that question [whether he accepts the stipulation] I request a ruling on my objection under *United States versus Glazier*. Are you going to overrule my objection?

MJ: I'm pretty much going to ignore your objection, Captain Chute [DC].

DC: You're not going to—

MJ: The only question I have—is it a stipulation? If it's a stipulation then it comes into evidence, if it's not a stipulation then it does not come into evidence.

DC: Your Honor, Private DeYoung at this point stipulates to everything except the language that I've mentioned.

\*　　\*　　\*　　\*　　\*　　\*

MJ: Okay. Captain Henley [TC], we do not have a stipulation of fact at this point.

TC: Without a stipulation of fact, Your Honor, then I see that the accused is in violation of the Offer to Plead Guilty.

\*　　\*　　\*　　\*　　\*　　\*

DC: With the exception of the language that I've indicated the defense has stipulated to the Stipulation of Fact. I believe we have a stipulation of fact.

\*　　\*　　\*　　\*　　\*　　\*

DC: We don't agree to stipulate to everything that Private DeYoung has done wrong in his whole career. We agree to stipulate to facts and circumstances surrounding the commission of these offenses. Now if you're going to hold that this stipulation cannot be accepted, you're in effect overruling our objection,

and then I guess Private DeYoung will accept the stipulation—we're being forced to accept it at this point.

MJ: All right, I'm going to make it real simple, Captain Chute, I do not accept that stipulation. Captain Henley (handing the document back to the trial counsel)?

A stipulation is an agreement. It requires the agreement of both counsel and the accused. Defense counsel does not agree to it, it is not accepted, it's not admitted.

Court's in recess.

DC: Well, Your Honor, since you've overruled my—overruled our objection then we accept the stipulation as written and signed.

MJ: Decide what you're going to do, gentlemen.

When court was reopened, trial counsel again proffered the stipulation into evidence. Defense counsel thereupon made this statement:

Your Honor, I previously stated two objections, you have announced your intention to ignore my objections so I must treat that as denial of my objections, and therefore, Private DeYoung will stipulate as signed.

-------

█ The Government has conceded before this Court and the lower appellate court that the military judge erred when he refused to rule upon trial defense counsel's objections. 27 MJ at 596. Accordingly, we need only note the source of this obvious error.

Article 51(b), UCMJ, 10 USC § 851(b), states in relevant part:

The military judge and, except for questions of challenge, the president of a court-martial without a military judge *shall rule upon all questions of law and all interlocutory questions arising during the proceedings.* Any such ruling made by the military judge upon any question of law or any interlocutory question other than the factual issue of mental responsibility of the accused, or by the president of a courtmartial without a military judge upon any question of law other than a motion for a finding of not guilty, is final and constitutes the ruling of the court. However, the military judge or the president of a court-martial without a military judge may change his ruling at any time during the trial.

(Emphasis added.)

Similarly, RCM 801(a)(4), Manual for Courts–Martial, United States, 1984, states that a

military judge shall:

\*    \*    \*    \*    \*    \*

(4) Subject to subsection (e) of this rule, *rule on all interlocutory questions and all questions of law raised during the court-martial* ...

(Emphasis added.) With such express congressional and presidential intent, it is clear that a military judge must affirmatively rule upon objections made at trial. This duty may not be evaded or ignored. Error, as the Government has conceded, occurred here.

█ The only question remaining is whether appellant was prejudiced by this error. For several reasons, we conclude that he was not harmed by the judge's failure to rule on his motion.

█ First, the agreed remedy for any objection to the contents of the stipulation of fact was withdrawal from the pretrial agreement, an option appellant openly rejected at trial. Admittedly, he only agreed to stipulate to "facts and circumstances surrounding the commission of these offenses." However, the meaning of these words was a matter upon which reasonable men might differ. Moreover, appellant also agreed that his pretrial agreement would be "automatically ... cancelled" if there was a "failure of agreement with the Trial Counsel on the contents of the stipulation of fact" or any "modification at any time of the agreed stipulation of fact without consent of the trial counsel." Accordingly, judicial modification of the stipula-

tion without consent of both parties, which appellant desired as an object of this unanswered objection, even if justified, was not an available remedy.

■ Second, we note that appellant's uncharged misconduct was admissible at trial pursuant to RCM 1001(b)(2).[1] These acts of misconduct were punished at various Article 15, UCMJ, 10 USC § 815, proceedings which were reported in his service record. Moreover, appellant's speculation that the Government could not properly prove that these reports were "made or maintained in accordance with departmental regulations" is also misplaced. Such an objection at trial ignored this paragraph of the stipulation:

> It is agreed between the trial counsel and defense counsel, with the express consent of the accused, that the following facts are true, susceptible of proof and admissible without objection in the above captioned case.

Therefore, we conclude that appellant unequivocally waived any defect in the form of proof of these acts of misconduct. *Cf. United States v. Glazier*, 26 MJ at 270.

Third, the military judge found the evidence of this misconduct "all relevant to the accused's rehabilitative potential." *See* RCM 1001(b)(5); *cf. United States v. Wingart*, 27 MJ 128, 133 (CMA 1988). He also performed the requisite balancing test under Mil.R.Evid. 403, Manual, *supra*, and concluded that the probative value of such evidence outweighed the prejudicial effect.

Such action went beyond that required by *United States v. Glazier*, 26 MJ at 271, a case where no agreement as to admissibility existed.

Fourth, there is no evidence of overreaching by the Government in obtaining this stipulation which might cast suspicion upon it. Appellant bargained for sentence limitations in exchange for his pleas and other concessions, signed the agreement, and eventually accepted the stipulation at trial.[2] He was not forced to enter guilty pleas or join the stipulation of fact. *See generally Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Moreover, as the court below properly noted in its opinion, attorneys for the Government have an ethical responsibility to avoid bringing inadmissible matters before a court-martial merely for the purpose of inflicting gratuitous injury upon an accused. 27 MJ at 599 n.2. Accordingly, we agree with that court that no prosecutorial overreaching occurred in this case. 27 MJ at 600.

Finally, we note that *United States v. Zelenski*, 24 MJ 1 (CMA 1987), does not require reversal of these pleas. There, a question arose as to the voluntariness of a provision waiving the right to trial by members. In the instant case, appellant also waived this right. Yet, we will not invalidate his guilty pleas where the record explicitly demonstrates that he made this choice without hint of coercion or duress. To this extent, we find that *Zelenski* applies. *Id.* at 2.

1. RCM 1001(b)(2) states:

   *Personal data and character of prior service of the accused.* Under regulations of the Secretary concerned, trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused's marital status; number of dependents, if any; and character of prior service. Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and evidence of any disciplinary actions including punishments under Article 15.
   "Personnel records of the accused" includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, per-

   formance, and history of the accused. If the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge. Objections not asserted are waived.

2. That stipulation contained this provision—
   In offering the above agreement, I state that: I agree upon acceptance of this offer to enter into a written stipulation of fact with trial counsel of facts and circumstances surrounding the commission of these offenses, and further agree that this stipulation may be used by the Military Judge during the guilty plea inquiry and to inform him of matters pertinent to an appropriate sentence.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.