UNITED STATES, Appellee,

v.

Donald L. GIBSON, Corporal, U.S. Army, Appellant.

No. 61,678.

CM 8800401.

U.S. Court of Military Appeals.

Feb. 13, 1990.

For Appellant: *Captain Ralph L. Gonzalez* (argued); *Lieutenant Colonel Russell S. Estey and Major Marion E. Winter* (on brief); *Colonel John T. Edwards, Captain William J. Kilgallin, Captain Timothy P. Riley.*

For Appellee: *Captain Timothy J. Saviano* (argued); *Major Daniel J. Dell'Orto, Captain Martin D. Carpenter, Captain Jody M. Prescott* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

During December 1987 and January 1988, appellant was tried by a general court-martial composed of a military judge sitting alone at Schofield Barracks, Hawaii. In accordance with his pleas, he was found guilty of forcible sodomy on his 5–year–old son, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. Contrary to his pleas, he was found guilty of indecent acts with his 3–year–old daughter, in violation of Article 134, UCMJ, 10 USC § 934. He was sentenced to a dishon-

orable discharge, confinement for 20 years, forfeiture of $320.00 pay per month for 20 years, and reduction to the lowest enlisted grade. The convening authority, acting pursuant to a pretrial agreement, approved the sentence as adjudged but suspended confinement in excess of 5 years for a period of 2 years after appellant's release from confinement, with provision for automatic remission. The Court of Military Review affirmed the findings and sentence. 27 MJ 736 (1988).

This Court granted the following issue for review:

WHETHER APPELLANT'S PRETRIAL AGREEMENT WAS CONTRARY TO PUBLIC POLICY AND STATUTE AND WAS VOID, RENDERING THE FINDINGS AND SENTENCE INVALID.

We hold that this agreement, as applied by the military judge, was neither invalid nor substantially prejudicial to appellant's rights. *United States v. Jones*, 23 MJ 305 (CMA 1987); Art. 59(a), UCMJ, 10 USC § 859(a).

Prior to trial, appellant agreed to plead guilty to attempted forcible sodomy on his son. However, he reserved the right to plead not guilty to the charge of committing forcible sodomy on his son and indecent acts with his daughter. The Government reserved the right to proceed on both original charges. Appellant's agreement also stated:

I agree to waive any and all evidentiary objections based on the Military Rules of Evidence to any pretrial statements made by my children, [his son and daughter].

The military judge explained this provision to appellant in terms of its meaning and effect on the unresolved charges. He also assured himself that appellant proposed and voluntarily agreed to this provision.

Later in the trial, appellant amended his plea to guilty of forcible sodomy on his son. The Government then proceeded to prove the indecent-act offense. The mother of the victim was questioned by the prosecutor as follows:

Q. Okay. Was there anything else that [D] told you about these incidents?

A. Well, after she had first told me about it and I dried her off, we went into my bedroom.

A. She told me the same story again, the exact same thing. And since we've been in Florida, right before we came over here, she told me that daddy had put a sock in her mouth and he took her into my room and she told me he had put his meat back there, she was pointing to her butt area.

DC: That gets into an area of uncharged misconduct at this point.

MJ: What's your position?

TC: I agree, sir, that is uncharged misconduct.

MJ: Well, I don't; he's charged with fondling her and placing his hands upon her private parts. It seems to me it falls within that. Now, if this is something the Government doesn't intend to rely on, fine, we won't deal with it. What's the case?

TC: The Government doesn't intend to rely on it, sir.

MJ: Okay, go ahead.

DC: I want to make clear that if the Government feels that they want to rely on it, I don't intend to make an evidentiary objection, as I agreed I wouldn't make an evidentiary objection, okay. If they want to rely on it, I'll withdraw that objection.

MJ: Well, they don't, so ...

DC: If they want to change their mind, they can.

MJ: What's the pretrial agreement; what exactly are the terms again?

DC: It basically says that I won't make any evidentiary objections to pretrial statements by the—well, any pretrial statements by the children or—to anybody.

I was not—that allegation didn't come up until after the pretrial agreement.

MJ: Well, the intent of the thing was not to object—not to interpose hearsay or confrontation objections, correct?

DC: I believe it was stated as objections under the Rules of Evidence, so it's pretty broad, Your Honor.

MJ: *Well, I don't think such an agreement—an agreement that broad would be enforceable. If it's irrelevant, if it deals with uncharged misconduct, I think that you have to be free to object or we might as well not have a trial, which is the ultimate test of the acceptability of the terms of a pretrial agreement.*

DC: Yes, sir.

MJ: *Now, I'm perfectly well prepared to honor an agreement that says that you're going to waive confrontation and hearsay objections; that's what we went over, and you told me you had tactical reasons for that, and so on and so forth, but I don't think you're muzzled, and I want—I think you—the record needs to show that you understand that you're clear, you're free to make any other objections. Would you not agree?*

TC: Yes, sir, I agree with that.

MJ: Okay, fine. All right, that's prospective. You've been under no misapprehension up to now, I take it?

DC: No, sir, I have not. I'm just—I'm treading—

MJ: Yeah, I understand. Okay, good. Go right ahead, please.

(Emphasis added.)

The victim, appellant's 3–year–old daughter, testified at this court-martial that he engaged in indecent acts with her. Appellant's wife, a military police investigator, and a civilian social worker also testified that the victim told them on different occasions that her father had engaged in indecent acts with her. The defense had introduced in evidence a videotape interview of the victim by a social worker in which the former failed to confirm that her father had engaged in indecent acts with her. The defense also introduced testimony of the wife that the victim later said that her daddy had not hurt her.

---

In *United States v. Jones*, 23 MJ 305, this Court addressed the propriety of including a waiver of certain pretrial motions as part of a defense proposed pretrial agreement. *See generally* RCM 705(c), Manual for Courts–Martial, United States, 1984.[1] The provision in *Jones* said:

---

1. (c) *Terms and conditions.*
   (1) *Prohibited terms or conditions.*
   (A) *Not voluntary.* A term or condition in a pretrial agreement shall not be enforced if the accused did not freely and voluntarily agree to it.
   (B) *Deprivation of certain rights.* A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of posttrial and appellate rights.

Discussion

A pretrial agreement provision which prohibits the accused from making certain pretrial motions (*see* R.C.M. 905–907) may be improper.

(2) *Permissible terms or conditions.* Subject to subsection (c)(1)(A) of this rule, subsection (c)(1)(B) of this rule does not prohibit an accused from offering the following additional conditions with an offer to plead guilty:
   (A) A promise to enter into a stipulation of fact concerning offenses to which a plea of guilty or as to which a confessional stipulation will be entered;
   (B) A promise to testify as a witness in the trial of another person;

Discussion

*See* R.C.M. 704(a)(2) concerning testimonial immunity. Only a general court-martial convening authority may grant immunity.

(C) A promise to provide restitution;
   (D) A promise to conform the accused's conduct to certain conditions of probation before action by the convening authority as well as during any period of suspension of the sentence, provided that the requirements of R.C.M. 1109 must be complied with before an alleged violation of such terms may relieve the convening authority of the obligation to fulfill the agreement; and
   (E) A promise to waive procedural requirements such as the Article 32 investigation, the right to trial by court-martial composed of members or the right to request trial by military judge alone, or the opportunity to obtain the personal appearance of witnesses at sentencing proceedings.

I also agree and understand that in addition to my plea as specified below, my defense counsel will not make any motions contesting the legality of any search and seizure out of which evidence against me may have been directly or indirectly obtained, or motions challenging any legality of any out-of-court identification.

In that case, although the accused pleaded guilty to all the charges against him, he might still have raised such motions and appealed their denial on a conditional basis. *United States v. Jones, supra* at 307 n.1; *cf.* RCM 910(a)(2). In appellant's case, we have mixed pleas (*see* RCM 910(a)(1)) and a similar waiver provision which would additionally impact on the trial of a charge to which he pleaded not guilty. *Cf. United States v. Cummings,* 17 USCMA 376, 380, 38 CMR 174, 178 (1968).

Despite this distinction, review of the decision in *Jones* still suggests the standard by which the lawfulness of this provision can be measured. There, a majority of the Court held that an otherwise valid guilty plea will rarely, if ever, be invalidated on the basis of plea-agreement provisions proposed by the defense. *United States v. DeYoung,* 29 MJ 78, 81 (CMA 1989); *United States v. Zelenski,* 24 MJ 1 (CMA 1987). The rationale for this holding is that, absent government overreaching, it may be presumed that an accused and his counsel know what is fair to him and in "his best interest." *United States v. Jones, supra* at 308.

On the contrary, where the Government directly or indirectly proposes the terms, we have stated: "Only actions which may reasonably be construed as attempts to orchestrate the trial proceeding itself will be rebuffed." *Id.* at 307. As noted in footnote 4 of that opinion, the idea was to prevent *the Government* from turning the "trial proceedings into 'an empty ritual.'"

■ Turning to appellant's case, we note that he proposed the challenged plea-agree-

ment provision. Moreover, its purpose and effect have not otherwise been shown to be barred by statute or regulation. Accordingly, public policy does not require that the guilty pleas induced by this defense-originated provision be invalidated. *See generally United States v. Papaleo,* 853 F.2d 16, 19 (1st. Cir.1988); *United States v. McGovern,* 822 F.2d 739, 743–44 (8th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987).

■ In any event, the military judge *sua sponte* construed this somewhat awkwardly-worded provision [2] in a narrow fashion. He limited its application to confrontation and hearsay objections which appellant might make to evidence of out-of-court statements made by the victims.

■ We note, however, that the child victim involved in the only contested charge actually testified in this case (*cf. United States v. Quick,* 26 MJ 460 (CMA 1988)), and she was obviously available for cross-examination by the defense about her pretrial statements. In this context, possible objection on confrontation grounds to other government witnesses' testimony showing these same statements would be without merit. *United States v. Owens,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). Moreover, hearsay objections would be questionable at best. *United States v. Lee,* 28 MJ 52, 54 (CMA 1989). *See also* Mil. R. Evid. 801(d)(1)(B), Manual, *supra.*

Finally, objections on any other grounds were simply not made despite the military judge's express invitation to defense counsel to do so. Accordingly, we hold that this provision as applied in this case did not substantially prejudice appellant. Art. (59); *cf. United States v. Dawson,* 10 MJ 142, 150 (CMA 1981).

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

---

**2.** This Court has in the past discouraged expansive plea-bargaining provisions. *See United States v. Dawson,* 10 MJ 142, 150 (CMA 1981) (Fletcher, J.); *United States v. Cummings,* 17 USCMA 376, 380, 38 CMR 174, 178 (1968).

EVERETT, Chief Judge (concurring in the result):

## I

Charged with sodomy against his 5–year–old son and indecent acts against his 3–year–old daughter, Gibson offered to plead guilty to the former charge pursuant to a pretrial agreement. One term of that agreement was that he would "waive any and all evidentiary objections based on the Military Rules of Evidence to any pretrial statements made by my children, ... "

This agreement on its face is quite broad; but Judge Wold, with commendable caution, construed it to embrace only hearsay and confrontation objections. In view of that limiting construction, I doubt that Gibson would have been materially prejudiced even if this provision in the pretrial agreement were invalid. Any pretrial statement by the son that came into evidence before the findings concerned the offense to which appellant had pleaded guilty and as to which he had testified himself during the providence inquiry. The pretrial statements of his daughter concerned matters as to which she testified at trial. Moreover, although introduced as part of the Government's case-in-chief, these statements ultimately would have been admissible in rebuttal to corroborate his daughter's testimony in view of defense efforts to impeach her by prior inconsistent statements.

## II

In any event, I see nothing wrong with the challenged provision of the pretrial agreement so long as it is construed as it was by the judge in this case.* As the majority opinion recognizes, this Court has given the defense broad leeway to propose provisions of a pretrial agreement. *See, e.g., United States v. DeYoung,* 29 MJ 78 (CMA 1989); *United States v. Zelenski,* 24

MJ 1 (CMA 1987); *United States v. Jones,* 23 MJ 305 (CMA 1987); *United States v. Schaffer,* 12 MJ 425 (CMA 1982).

I should acknowledge, however, that these cases involved pretrial agreements where the terms of the agreement related only to the charges as to which the accused was pleading guilty. Here, on the other hand, although there was a guilty plea to one charge, the accused was pleading not guilty to another charge; and the pretrial agreement, at least in part, concerns the latter charge.

Nonetheless, I see no problem in upholding such a provision. In *United States v. Bertelson,* 3 MJ 314 (CMA 1977), we upheld a "confessional stipulation" whereunder the accused stipulated to facts sufficient to authorize a finding of guilty as to the charge to which he pleaded not guilty. *See also United States v. Mills,* 12 MJ 1, 3 (CMA 1981). RCM 705(b), Manual for Courts–Martial, United States, 1984, specifically provides that "[a] pretrial agreement may include: (1) A promise by the accused to plead guilty to, *or to enter a confessional stipulation as to one or more charges and specifications ...*" (Emphasis added.) If an accused can waive many of his most important safeguards by pleading guilty or entering into a confessional stipulation, I see no reason why he should not be free to enter into a stipulation whereunder he waives his right to have live testimony from some—or even all—of the government witnesses.

Often "we have referred to depositions and stipulations as possible substitutes for live testimony under the circumstances of a particular case." *United States v. Mills, supra* at 2–3. Where child witnesses are involved, it may be especially desirable to avoid the trauma of having them appear in court if in some other way the factfinder or sentencing authority can determine accurately what their live testimony would be. In a case like this, where his own children

---

* Obviously, I would prefer that the agreement be more specific about the objections being waived. For example, does the defense intend to waive objections that might be made under Mil.R.Evid. 404(b) or 403, Manual for Courts– Martial, United States, 1984? Moreover, if the parties have in mind specific pretrial statements, then in order to avoid confusion or surprise at trial, those statements should be specifically designated in the pretrial agreement.

were the alleged victims, the accused himself may have been eager to avoid having the witnesses in court.

In view of the considerable opportunity allowed the defense to bargain for favorable consideration in return for a plea of guilty or a "confessional stipulation," there is no reason to preclude the defense from seeking concessions from the convening authority in return for a stipulation that will make it easier for the Government to present some of its evidence. *Cf. United States v. Mills, supra.* RCM 705(c)(1) prohibits terms of pretrial agreements which deprive an "accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of posttrial and appellate rights." The agreement here did not deprive Gibson of his "right to counsel"; and, indeed, the waiver of evidentiary objections was entered with the full advice of counsel and for Gibson's own tactical advantage. Moreover, I perceive no deprivation of "due process" involved in this waiver of confrontation—although if Judge Wold had not construed the language of the agreement narrowly, perhaps some "due process" concerns might have been presented.

To the extent the pretrial statements of either child were considered by the judge in sentencing appellant, I see no deprivation of "the right to *complete* sentencing proceedings." (Emphasis added.) Both children testified during the trial—the daughter as to findings and the son as to sentence. "In many courts, sentencing is done largely on the basis of written evidence—chiefly in the form of a presentence report." *United States v. Mills,* 12 MJ at 2. Appellant can hardly complain that the pretrial statements of his children were before the court-martial for sentencing purposes—

at least so long as they do not go beyond the bounds set by RCM 1001.

RCM 705(c)(2) states that

subsection (c)(1)(B) of this rule does not prohibit an accused from entering the following additional conditions with an offer to plead guilty: (A) A promise to enter into a stipulation of fact concerning offenses to which a plea of guilty or as to which a confessional stipulation will be entered; ... (E) a promise to waive procedural requirements such as the Article 32 investigation, the right to trial by court-martial composed of members or the right to request trial by military judge alone, or the opportunity to obtain the personal appearance of witnesses at sentencing proceedings.

This language might be read to mean that such terms or conditions could only be agreed upon if there were "an offer to plead guilty." In that event, technically this case would fall within the letter of the rule—since there was "an offer to plead guilty" to one of the two charges against appellant; but it would not be within the spirit of the rule if so construed. I do not, however, interpret the authorization of certain terms in connection with "an offer to plead guilty" as disapproval of such terms in a situation where an accused is pleading not guilty or is pleading guilty only as to a lesser-included offense.

In short, I believe that, whether he pleads guilty to all or some of the charges against him, or not guilty across the board, an accused has great leeway in proposing a pretrial agreement and the terms and conditions thereof. Apart from the specific prohibitions of RCM 705(c)(1), the principal limitations on pretrial agreements like those in the present case are that they emanate from the defense, *cf. United States v. Zelenski, supra,* and that the military judge assure that the accused fully understands what he is agreeing to. *Cf. United States v. Bertelson, supra.* Here those requirements were met, so I concur in the result.