## UNITED STATES

v.

**Joseph D. McKENZIE, 275–68–5453, Electronics Technician Third Class (E–4), U.S. Navy.**

**NMCM 93 00358.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 July 1992.

Decided 30 March 1994.

appellant during the *Care* inquiry.

LCDR Frank V. Jensen, JAGC, USNR, Appellate Defense Counsel.

Capt Laulie S. Powell, USMC, Appellate Government Counsel.

Before LARSON, C.J., WELCH, Senior Judge, and McLAUGHLIN, J.

LARSON, Chief Judge:

Pursuant to his pleas the appellant was convicted by general court-martial, military judge sitting alone, of two specifications of conspiracy to distribute illegal drugs and eight specifications of distribution and use of illegal drugs in violation of Articles 81 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 912a. He was sentenced to confinement for 4 years, total forfeitures, reduction to pay grade E–1 and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 15 months for a period of 15 months.

In his first assignment of error,[1] the appellant attacks a provision in his pretrial agree-

---

1. All the appellant's assigned errors are as follows:

I. THE PROVISION IN APPELLANT'S PRETRIAL AGREEMENT REQUIRING APPELLANT TO WAIVE ANY OBJECTION TO INTRODUCTION OF HIS STATEMENT DURING SENTENCING VIOLATES PUBLIC POLICY.

II. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

III. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

IV. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

V. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

ment that required him to waive any objection to the Government's introduction of his and his co-conspirator's confessions during the presentencing portion of the trial. He asks this court to find that the provision violates public policy and to find his pleas to be improvident as a result. Although we decline to grant the relief requested by the appellant, the issue he has raised does merit discussion.

## I.

The specific provision in the agreement at issue reads: "1. The accused agrees not to object if the Government elects to introduce his statement and/or the statement of Michael Lee Plesnicher (both dated 21 April 1992) as matters in aggravation." App.Ex. I. When he conducted the pretrial agreement inquiry in accordance with Rule for Courts–Martial (R.C.M.) 910(f), the military judge merely stated the provision itself and obtained the appellant's understanding of his obligation to abide by it as part of the agreement. Record at 28. He asked no specific questions to determine if the appellant understood what the provision meant or what rights, if any, he would waive by complying with it. In a post-trial affidavit, the trial defense counsel asserts that, to the best of his recollection, the provision was added at the insistence of the convening authority's staff judge advocate because questions concerning the admissibility of the appellant's statement had arisen during the Article 32, UCMJ, 10 U.S.C. § 832, Investigation. In its pleadings to this court, the Government concedes the fact that the provision originated with the prosecution.

During the presentencing portion, the statements in question were offered in aggravation and accepted into evidence without objection. Record at 32. Prosecution Exhibit 2 is the appellant's confession to the alleged offenses taken by his command's

chief master-at-arms. It admits the details of the offenses to which the appellant pleaded guilty and, in addition, refers to other uncharged incidents of drug distribution and use as part of an ongoing drug selling enterprise. Likewise, Prosecution Exhibit 3, the statement of co-conspirator Plesnicher, contains evidence of misconduct by the appellant in excess of that specifically admitted during the providence inquiry.

## II.

■ A preliminary aspect of our resolution of this assigned error is the adequacy of the military judge's coverage of this provision during the providence inquiry. He was required by R.C.M. 910(f)(4)(A) to ensure that the appellant understood each provision in the agreement. *United States v. Green*, 1 M.J. 453 (C.M.A.1976); *United States v. Rascoe*, 31 M.J. 544 (N.M.C.M.R.1990). The military judge merely asked the appellant if he understood that he was obligated by the agreement to forego objection to the evidence in aggravation. Record at 28. He did not determine, for example—in the case of Prosecution Exhibit 2—whether there existed valid objections based on a violation of the appellant's right against self-incriminations in the taking of his confession and, if so, whether the appellant understood that and whether the defense team had considered them and affirmatively agreed to waive them.[2]

Nevertheless, we will not speculate from the absence of a detailed inquiry that there were valid objections, or that, in some other nefarious way, there is more to this provision than meets the eye. The appellant has not claimed on appeal that he was foregoing a valid objection to the evidence or that there was any specific wrongdoing by the Government that the provision was designed to cover up. The general assertion by his trial

VI. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)

**2.** For an example of a more thorough inquiry into a similar provision, see *United States v.*

*Gibson*, 29 M.J. 379 (C.M.A.), *cert. denied*, 496 U.S. 907, 110 S.Ct. 2591, 110 L.Ed.2d 272 (1990), where the military judge did explore the parameters of the agreement to waive objection to evidence on the record and obtained the accused's understanding of its effect. 29 M.J. at 380–381.

defense counsel in a post-trial affidavit—to the effect that information arose during the Article 32, UCMJ Investigation that could have led to the suppression of his statement—is far too vague to lend any value to his position on appeal. Furthermore, the appellant had not asserted that the provision was applied contrary to his understanding at the time. In addition, and most importantly, he has not claimed that he was misled or duped into pleading guilty because of any misunderstanding as to the meaning and effect of the provision. Finally, we note that the provision is not confusing on its face or easily subject to ambiguous interpretation. Therefore, even conceding that the inquiry could have been more thorough, *see United States v. Green, supra,* we conclude that the appellant has suffered no prejudice as a result. *United States v. Nebling,* 26 M.J. 774 (N.M.C.M.R.1988).

### III.

■ We next turn to an analysis of the provision itself and our starting point there is R.C.M. 705, which addresses pretrial agreements in general. R.C.M. 705(d)(1), in particular, authorizes *either* party to propose *any* condition not specifically prohibited by law or public policy. R.C.M. 705(c)(1) lists provisions which are expressly prohibited. Each category in that subsection involves the forfeiture of a significant constitutional or statutory right, such as the right to counsel or to due process of law, the absence of which would tend to undermine the integrity of the court-martial process. Similarly, under the case law, a provision which, in effect, would deny the accused a fair hearing would be invalid. *United States v. Holland,* 1 M.J. 58 (C.M.A.1975). On the other hand, an agreement to forego objection to the introduction of relevant evidence does not fall into any of the prohibited categories.[3] Nor is it of a nature to undermine the integrity of the court-martial process in general, or to interfere with the sentencing proceeding in particular. *United States v. Cassity,* 36 M.J. 759 (N.M.C.M.R.1993).

In support of his position, the appellant relies primarily on *United States v. Gibson,* 29 M.J. 379 (C.M.A.), *cert. denied,* 496 U.S. 907, 110 S.Ct. 2591, 110 L.Ed.2d 272 (1990). That case also involved a pretrial agreement provision which required the accused to forego objection to evidence against him—specifically, statements from the child victims he molested. The Court found the provision to be valid relying to a large extent on the fact that the provision was proposed by the defense. In addition, the Court concluded that the accused suffered no prejudice because the evidence was probably admissible in any event. *Id.* at 382.

In this case, the provision was initiated by the Government. Yet, this difference does not lead to the opposite result. Since *Gibson,* R.C.M. 705 was amended by Change 5 to the Manual for Courts–Martial, effective 6 July 1991, to authorize the Government, as well as the accused, to propose specific terms and conditions. Furthermore, even under *Gibson,* and its primary source of authority, *United States v. Jones,* 23 M.J. 305, 307 (C.M.A.1987), a provision in a pretrial agreement is not rendered invalid solely because it is proposed by the Government unless the proposal may reasonably be construed as an attempt "to orchestrate the trial proceedings" or to turn the trial into "an empty ritual."

There is nothing in the record or in the allied papers to suggest that the sentencing proceedings in this case can be fairly characterized in this manner. In order to gain the benefit of his bargain, the appellant merely agreed to forego objection to two documents both of which contain evidence that appeared to be admissible in aggravation under R.C.M. 1001(b)(4). In so doing, he waived *possible* objections to his own statement based on his right against self-incrimination under the Fifth Amendment and Article 31, UCMJ, 10 U.S.C. § 831, and to Plesnicher's statement based upon his right to confront a witness against him. However, he had already waived those rights during the providence

---

3. With regard to the appellant's confession (Prosecution Exhibit 2), we view an agreement to withhold objection to that document no differently in effect than a provision that requires the accused to join in a stipulation of fact describing his criminal activity. Such a provision is specifically authorized under R.C.M. 705(c)(2)(A).

inquiry as to those matters covered by his pleas of guilty. R.C.M. 910(c). Record at 8. Furthermore, the misconduct contained within Prosecution Exhibits 2 and 3 is generally the same type of activity which he described during the providence inquiry and which the military judge considered for sentencing purposes.[4] *United States v. Holt,* 27 M.J. 57 (C.M.A.1988). Following the introduction of this evidence in aggravation, the appellant was permitted to put on a case in extenuation and mitigation and to exercise his allocution rights therein. R.C.M. 1001(c). All in all, the sentencing proceedings in this case appear to constitute a full and fair hearing and not an "empty ritual." Moreover, we see no evidence of the type of Government "overreaching" that was condemned in *Jones.* 23 M.J. at 308.

The appellant's remaining assignments of error are without merit. *Weiss v. United States,* — U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); *United States v. Mitchell,* 37 M.J. 903 (N.M.C.M.R.) (en banc), *petition granted,* 38 M.J. 313 (C.M.A.1993).

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

Senior Judge WELCH and Judge McLAUGHLIN concur.

---

4. It is true, as the appellant asserts, that the evidence of drug distribution and use contained within Prosecution Exhibits 2 and 3 is more extensive than that contained within the specifications to which the appellant pleaded guilty and, to that extent, constitutes uncharged misconduct. Nevertheless, the evidence of uncharged drug activity is closely related to that of which the appellant was convicted. We have no doubt that this evidence, at least that contained within the appellant's own confession (Prosecu-

tion Exhibit 2), is admissible under R.C.M. 1001(b)(4). *See United States v. Shupe,* 36 M.J. 431 (C.M.A.1993). Furthermore, we conclude that his co-conspirator's confession (Prosecution Exhibit 3) adds nothing material to the sentencing proceedings beyond that contained within his confession. Therefore, even if we were to conclude that Prosecution Exhibit 3 would not have been admitted over objection, under these circumstances, its admission was harmless.