HARTY, Judge:
In accordance with his pleas, the appellant was convicted at a special court-martial before a military judge alone of wrongful use of marijuana (four specifications), in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. His sentence included a bad-conduct discharge, confinement for 90 days, forfeiture of $700.00 pay per month for two months, and reduction to pay grade E-l. The convening authority approved the sentence as adjudged.
We have carefully reviewed the record of trial, the appellant’s single assignment of error, and the Government’s response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).
Pretrial Agreement Provision
In his only assignment of error, the appellant claims that the military judge erred by admitting two written statements into evidence, over defense objection, during the Government’s case in aggravation, thereby depriving the appellant of a fair presentenc-ing hearing. Appellant’s Brief and Assignments of Error of 30 Jan 2006 at 3. We do not see this as an issue of admissibility, but rather, the validity of a pretrial agreement provision that limits an accused’s objections to admissibility.
The Government offered written statements from the appellant’s commanding officer and a senior enlisted member concerning the impact of the appellant’s controlled substance use on the command and the appellant’s rehabilitative potential. Prosecution *644 Exhibits 2 and 3. The appellant had specifically agreed, in his pretrial agreement, not to object to “written statements” offered in sentencing on the grounds of “hearsay, foundation or authenticity.” Appellate Exhibit I at 4-5.
The trial defense counsel objected to the admission of PE 2 and 3 on the grounds that they contained opinions concerning the appellant’s rehabilitative potential based solely on the charges and was, therefore, prohibited by Rule foe Courts-Martial 1001(b)(5), Manual for Court-Martial, United States (2002 ed.). He also objected on the grounds that they deny the appellant his “constitutional right to confrontation.” Record at 63. The military judge granted the objection as to evidence of rehabilitative potential on R.C.M. 1001(b)(5) grounds, but denied the objection as to the command-impact portion of the exhibits based on a Confrontation Clause argument. We must decide whether the pretrial agreement covered Confrontation Clause objections to written statements, and, if so, whether that provision violates public policy.
In Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that in order for the Government to introduce “testimonial” out-of-court statements into evidence against an accused, the Confrontation Clause requires that the witness who made the statement be unavailable, and that the accused have had a prior opportunity to cross-examine the witness. “ ‘The lynchpin of the Crawford decision ... is its distinction between testimonial and nontestimonial hearsay----’” United States v. Scheurer, 62 M.J. 100, 104-05 (C.A.A.F.2005)(quoting United States v. Hendricks, 395 F.3d 173, 179 (3rd Cir.2005)). See United States v. Magyari, 63 M.J. 123 (C.A.A.F.2006).
Prosecution Exhibits 2 and 3, each expressing opinions on the impact of the appellant’s controlled substance use on the command, are clearly “testimonial hearsay” involving the Confrontation Clause. U.S. Const, amend. VI. The pretrial agreement, however, did not make a distinction between testimonial and nontestimonial hearsay. Crawford was decided more than one year before the appellant signed his pretrial agreement. We assume, therefore, that the trial defense counsel was fully aware of that decision. By agreeing not to object to “written statements” on “hearsay” grounds, the appellant and his trial defense counsel affirmatively waived any Crawford issues, that is—Confrontation Clause objections to PE 2 and 3. The challenged exhibits were admissible unless admissibility was otherwise prohibited by some other rule or because the pretrial agreement provision violated public policy. We hold that there was no other basis for excluding the exhibits.
In United States v. Gibson, 29 M.J. 379 (C.M.A.1990), our superior court held that the provision of a pretrial agreement by which the accused agreed to waive “confrontation and hearsay objections” to pretrial statements made by his children did not violate public policy or render the resulting verdict in a contested trial fundamentally unfair. Id. at 382; see United States v. McKenzie, 39 M.J. 946, 949 (N.M.C.M.R.1994)(holding that a provision requiring the accused to waive any objection to introduction of certain evidence did not violate public policy).
An “otherwise valid guilty plea will rarely, if ever, be invalidated on the basis of plea-agreement provisions proposed by the defense.” Gibson, 29 M.J. at 382 (citing United States v. DeYoung, 29 MJ 78, 81 (C.M.A.1989)). “[Ajbsent government overreaching, it may be presumed that an accused and his counsel know what is fair to him and in ‘his best interest.’ ” Id. (quoting United States v. Jones, 23 M.J. 305, 308 (C.M.A.1987)). The appellant does not assert that the negotiated pretrial agreement provision was thrust upon him by the Government. Absent such an allegation, we will assume the provision was a defense-proposed provision negotiated with full knowledge that it was in the appellant’s best interest. Under these circumstances, we find that the pretrial agreement provision, limiting the basis for objection to written statements during sentencing, is not otherwise prohibited and does not violate public policy. Therefore, this assignment of error is without merit.
*645 Conclusion
The findings and sentence approved below are affirmed.
Chief Judge ROLPH and Senior Judge SCOVEL concur.