UNITED STATES, Appellee,

v.

Private Cedric C. MITCHELL, U.S. Army, Appellant.

No. 42,607.
SPCM 16222.

U.S. Court of Military Appeals.

April 18, 1983.

For Appellant: *Captain Richard W. Vitaris* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Captain David M. England, Captain Edward J. Walinsky* (on brief); *Colonel William G. Eckhardt, Major Robert C. Rhodes, Captain Warren G. Foote.*

For Appellee: *Captain Gary L. Hoffman* (argued); *Lieutenant Colonel John T. Edwards, Major Michael L. DeBusk* (on brief); *Captain Thomas E. Booth.*

Opinion of the Court

FLETCHER, Judge:

Contrary to his pleas, appellant was found guilty of damaging private property, disorderly conduct, and assault on a noncommissioned officer, in violation of Articles 109, 134, and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 909, 934, and 891, respectively. The military judge at this special court-martial sentenced appellant to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $300.00 pay per month for 4 months, and reduction to E–1. The convening authority approved this sentence and the United States Army Court of Military Review affirmed.

The following issue was specified by this Court for review:

WHETHER THE CONVENING AUTHORITY ABUSED HIS CLEMENCY POWERS WHEN HE INDICATED THAT HE INTENDED TO GRANT CLEMENCY IF THE TRIAL WAS COMPLETED IN AN EXPEDITIOUS MANNER WITHIN 15 CALENDAR DAYS OF REFERRAL.

In general, we find this command conduct to be highly irregular and impermissible in terms of accepted practice at courts-martial. Article 36, UCMJ, 10 U.S.C. § 836. Nevertheless, in the present case, we have

determined that appellant was not prejudiced by this unorthodox prosecutorial action.

Both parties to this appeal are in substantial agreement as to the facts pertinent to the specified issue. Appellant was charged with various offenses on January 10, 1981. The convening authority referred these charges to a court-martial on January 30, 1981. In directing this referral, the convening authority stated in writing:

3. I (do) (do not) intend to grant clemency in this case if the accused's trial is completed in an expeditious manner within 15 calendar days of referral.

Convening orders were published on the same day as the referral. Appellant was tried on March 9, 1981, 39 days after the case was referred to trial. It was a one-day trial in which appellant called three witnesses, all of whom were stationed at the situs of the court-martial. After trial, defense counsel made no plea for clemency either by means of his *Goode* [1] response or a brief filed pursuant to Article 38(c), UCMJ, 10 U.S.C. § 838(c). The convening authority did not grant clemency to appellant.

As a starting point, we note that it is well-established that a convening authority in his discretion may disapprove a sentence which he has found "correct in law and fact." Article 64, UCMJ, 10 U.S.C. § 864; *see United States v. Kirsch,* 15 U.S.C.M.A. 84, 91–92, 35 C.M.R. 56, 63–64 (1964), *citing United States v. Massey,* 5 U.S.C.M.A. 514, 520, 18 C.M.R. 138, 144 (1955). This broad power of sentence disapproval is normally exercised after the trial is completed. The question presented on this appeal asks whether the convening authority, prior to trial, may condition the exercise of this power in order to encourage appellant to complete the trial in an expeditious manner.

The first problem in this case concerns the manner in which the convening authority attempted to utilize this sentence—disapproval power. His use of the referral statement as a method of conditioning his exercise of this power is at best ambiguous. In one sense, it can be construed as a mere statement of a future intention to exercise this power if appellant's case is completed within 15 days. In another sense, it can be viewed as a promise to appellant to exercise this power if appellant succeeds in completing his trial within the specified period. The difference between the two is significant. Even if the trial is completed within 15 days, appellant under the first interpretation of this statement is not entitled to the actual exercise of this power by the convening authority.

It also must be noted that the referral statement is not specific as to the extent this sentence-disapproval power will be exercised by the convening authority. In a broad sense, it can be construed to embrace disapproval of the entire sentence awarded by the court-martial. In a narrow sense, it can be construed to mean that a portion of the sentence, as small or as large as deemed appropriate by the convening authority, may be disapproved.[2] This difference is also significant. Under the latter construction of this statement, the convening authority retains in substance the same discretionary power even if the trial is completed in 15 days.

Significant problems of interpretation surround the convening authority's referral statement in the present case. Although his power to disapprove a sentence is broad, we doubt that Congress intended it to be utilized in a manner which interjects confusion and speculation at a court-martial. *See United States v. Dawson,* 10 M.J. 142,

---

1. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

2. Trial defense counsel was permitted to file a statement with this Court in which he said, "The clemency to be granted by him [the convening authority] would be suspension of ⅓ of any confinement adjudged so long as the total confinement time was not reduced below 30 days." This understanding was confirmed by the staff judge advocate's Memorandum for the Record also filed with permission of this Court. These documents were not part of the record of trial nor part of the convening authority's referral statement. Such *sub rosa* understandings are not an accepted method of practice at courts-martial. *See United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976).

146, 150 (C.M.A.1981). In addition, it must be noted that this referral statement has a tendency to discourage an accused from carefully preparing his defense and fully litigating his case at the court-martial. Consistent with our past case law, we cannot condone a command practice which expands the normal scope of plea bargaining. It constitutes impermissible interference with the trial and its procedures. *See United States v. Holland,* 1 M.J. 58 (C.M.A. 1975); *United States v. Cummings,* 17 U.S. C.M.A. 376, 38 C.M.R. 174 (1968); *see also United States v. Dorris,* SPCM 15391, unpublished opinion (ACMR September 22, 1981).[3]

Our disapproval of the convening authority's conduct does not require us to reverse the findings of guilty or the sentence in this case. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Appellant has not demonstrated, nor is there any indication in the record, that he curtailed his defense at trial to his detriment in reliance upon this referral statement. *See Shepardson v. Roberts,* 14 M.J. 354, 358 (C.M.A.1983); *United States v. Kazena,* 11 M.J. 28 (C.M.A.1981). Moreover, he did not request clemency after trial and did not present to this Court any basis for concluding clemency was otherwise appropriate. In the absence of a showing of prosecutorial vindictiveness or invidious discrimination, we hold that relief is not warranted. *See United States v. Villines,* 13 M.J. 46, 55 (C.M.A.1982).

The decision of the United States Army Court of Military Review is affirmed.

Judge COOK concurs.

EVERETT, Chief Judge (concurring):

I am in general agreement with the majority opinion and with the result reached. It appears to me that the individual who might complain most persuasively about the convening authority's comment concerning clemency in his referral document would be someone who was tried within 15 days of referral and who thereafter claims that he had been rushed to judgment and so had not asserted available defenses or who had received either no clemency or what he considered inadequate clemency. However, Mitchell suggests that he, too, has a valid complaint, for the convening authority's statement might be read to suggest that if an accused is not tried within 15 days of referral of his case, the convening authority will not consider him for clemency under any circumstances. Since I can find no basis for this interpretation anywhere in the record and since appellant has not requested clemency from any reviewing authority at any time subsequent to his court-martial, I do not believe that he qualifies for relief.

There are two segments of the majority opinion which give me some pause. The first is the broad statement that "[c]onsistent with our past case law, we cannot condone a command practice [such as the statement here in issue] which expands the normal scope of plea bargaining. It constitutes impermissible interference with the trial and its procedures." 15 M.J. 238, 240. While I agree with the majority that the statement by the convening authority might in some instances have "a tendency to discourage an accused from carefully preparing his defense and fully litigating his case at the court-martial," *id.,* plea bargaining is not necessarily involved. Indeed, the convening authority's statement does not specifically address the plea of the accused, but only the time period for completing the trial. Therefore, while a plea of guilty or a stipulation of fact might help achieve the goal of trial within 15 days from referral, neither would be an inevitable condition of satisfying the time limit. Moreover, I should note that the cases on plea bargaining cited in the majority opin-

---

3. There the United States Army Court of Military Review said:

   However, we find objectionable that provision of the ERD program which requires an accused to complete his trial within 15 days, because it may unduly influence an accused to forego adequate preparation of his case, to abandon efforts to contact distant witnesses, or to forego efforts to obtain individual military or civilian counsel.
   Unpublished opinion at 2.

ion must be applied in light of our more recent precedents on the same subject. *See, e.g., United States v. Cook,* 12 M.J. 448 (C.M.A.1982); *United States v. Schaffer,* 12 M.J. 425 (C.M.A.1982). As long as the trial and appellate processes are not rendered ineffective and their integrity is maintained, *see, e.g., United States v. Mills,* 12 M.J. 1 (C.M.A.1981), some flexibility and imagination in the plea-bargaining process have been allowed by our Court.

Secondly, the reference in footnote 2 to "*sub rosa* understandings" is somewhat misleading. While "[s]uch ... understandings are not an accepted method of practice at courts-martial," 15 M.J. at 239 n. 2, nothing of that sort is involved in the present case. Appellant never has sought to take advantage of any understanding or promise that was offered. If he had done so, we should have assumed that counsel and the military judge—in light of our prior pronouncements—would have made a matter of record exactly what was anticipated by the parties. In turn, appellant would have been entitled to whatever quid pro quo was offered him by the convening authority. Since no express or implied understanding was relied on by any of the parties in the disposition of appellant's case, and appellant pleaded not guilty to the charges, there was no occasion for the judge to inquire about any agreements.