**UNITED STATES, Appellee,**

v.

**Private E1 Alvin F. JONES,
341–60–9803, United States
Army, Appellant.**

**CM 446070.**

U.S. Army Court of Military Review.

25 July 1985.

Lieutenant Colonel William P. Heaston, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Captain Frank J. DiGiammarino, JAGC, Captain Neil R. Porter, JAGC, and Captain H.

Alan Pell, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, and Captain Robert L. Swann, JAGC, were on the pleadings for appellee.

Before SUTER, YAWN, and WALCZAK Appellate Military Judges.

## OPINION OF THE COURT

SUTER, Chief Judge.

On 19 June 1984, pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of robbery, rape and kidnapping in violation of Articles 122, 120 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 922, 920 and 934 (1982). He was sentenced to a dishonorable discharge, confinement at hard labor for 35 years and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening authority reduced the period of confinement to 8 years and approved the remainder of the adjudged sentence.

The appellant now contends that his pretrial agreement with the convening authority is void as contrary to public policy since under its terms the appellant waived certain motions which could have been litigated at trial. The clause of the pretrial agreement which gives rise to this contention provides "defense counsel will not make any motions contesting the legality of any search and seizure ..., or [any] motions challenging any legality of any out-of-court identifications." We find the appellant's contention has no merit and affirm.

During the inquiry into the providence of the appellant's guilty pleas, the military judge explored the basis for the terms of the pretrial agreement. As the following excerpt from the record of trial reveals, the provision at issue originated with the appellant.

MJ: Now I note that in the paragraph marked number 2, that it's agreed that

the defense counsel will not make any motions contesting the legality of any search and seizure or any motions challenging any out-of-court identifications. With regard to that matter, for the record, did the defense perceive that there was an issue as to the legality of the search or seizure?

DC: Yes, Your Honor. There was an issue as to that.

MJ: Okay; and did you perceive that there was an issue as to the legality of the out-of-court identification?

DC: Yes, Your Honor.

MJ: Counsel can perhaps refresh my memory. What's the latest position of the court with regard to requiring the waiver of motions as part of a pretrial agreement?

TC: Your Honor, the current position is that an accused cannot be required as a part of a pretrial agreement by the convening authority to waive the type motions that the accused in this case has waived. However, if the request initiates with the accused, if the accused states "in exchange for this I will not make any motions," then that is appropriate. The accused can make that waiver of his own motion without being required to do that by the convening authority as a precondition to accepting a pretrial agreement.

MJ: Okay; and is that the defense's understanding?

DC: Yes, Your Honor.

MJ: I believe that is correct. I can't cite you the case that says that, but I believe that's correct, so with that in mind, did this idea of waiving these motions originate with the defense?

DC: Yes, Your Honor; it did.

MJ: So you made this proposal then initially in order to induce the convening authority to accept the pretrial agreement?

DC: That is correct, Your Honor.

MJ: Now Private Jones, do you understand then that in your pretrial agreement you also agreed that your defense counsel would not make any motion in regard to a search and seizure? Do you understand that?

ACC: Yes, I do, sir.

MJ: And also that he would not make any motion with regard to the legality of any out-of-court identification of you. Do you understand that?

ACC: Yes, sir.

....

MJ: So are you agreed that your defense counsel should not make those motions?

ACC: Yes, sir.

....

MJ: Has anyone tried to force you to enter into this pretrial agreement?

ACC: No, sir.

MJ: Are you pleading guilty only because you hope to receive a lighter sentence by virtue of the pretrial agreement, or are you pleading guilty because you are convinced that you are in fact guilty?

ACC: I'm pleading guilty because I are [sic] in fact guilty.

The issue in this case is a simple one. Can an accused offer to a convening authority a pretrial agreement in which the accused promises not to raise motions concerning the legality of any search and seizure or any out-of-court identification? Appellant contends that *United States v. Holland*, 1 M.J. 58 (CMA 1975), controls the disposition of this issue. We disagree.

In *Holland* the Court of Military Appeals found that a pre-trial agreement was void because it required the entry of a guilty plea prior to the presentation of evidence on the merits or the presentation of motions concerning matters other than jurisdiction. The Court found this provision was contrary to the demands inherent in a fair trial. Unlike the case at bar, the terms of the pretrial agreement in *Holland* did not emanate from the accused but were contained in a government produced form. We find this difference sufficient to distinguish *Holland* from the case at issue.

At the time *Holland* was decided, the general rule was that "pretrial agreements should concern themselves only with bargaining on the charges and sentence."

*United States v. Schmeltz*, 1 M.J. 8, 11 (CMA 1975). Recent decisions by the Court of Military Appeals have not observed such a limitation upon the terms of pre-trial agreements. In *United States v. Schaffer*, 12 M.J. 425, 428 (CMA 1982), the Court expressly acknowledged a judicial willingness to accept more complex pretrial agreements, especially when that complexity is proposed by an accused and his counsel. Moreover, the Court has recognized that flexibility and imagination in the plea-bargaining process is allowed as long as the trial and appellate processes are not rendered ineffective and their integrity is maintained. *United States v. Mitchell*, 15 M.J. 238, 241 (CMA 1983) (Everett, C.J., concurring); *see also United States v. Schaffer*, 12 M.J. at 429–30; *United States v. Mills*, 12 M.J. 1, 5 (CMA 1981). While the decisions concerning pretrial agreements have not been models of clarity, we believe they evince a reluctance to engage in *pro forma* rejections of pretrial agreements and invite this court to examine the provisions of pretrial agreements in light of the greater flexibility accorded such agreements.

With these precepts in mind, we find the pretrial agreement in this case does not impermissibly impact upon the effectiveness or integrity of the trial or appellate process and, thus, is not contrary to public policy. We do not believe the justice system is impugned when an accused seeks concessions from a convening authority by offering the inducement to waive motions concerning issues which would be waived in any case by the acceptance of his guilty plea. *See* Mil.R.Evid. 311(i) and 321(c)(2). The record clearly indicates that the offer to forego pretrial motions originated with the appellant. The appellant acknowledged that he had discussed the terms of the pretrial agreement with his defense counsel and was satisfied with the counsel's advice concerning the agreement. The appellant's responses to the military judge's inquiries demonstrate that the appellant understood the effect of his offer to waive certain motions and had voluntarily submitted that provision in his offer to the convening authority. The obligation of defense counsel to effectively assist and represent the appellant satisfies us that defense counsel assessed the probable success of any pretrial motions and determined that the best interests of his client would be served by seeking the convening authority's acceptance of the pretrial agreement at issue. *Cf. Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984) (strong presumption that counsel's conduct falls within range of reasonable professional assistance); Model Code of Professional Responsibility DR 7–101 (1979) (counsel has obligation to zealously represent client).

In this case, it takes little imagination to understand the defense's strategy for offering to waive evidentiary motions. The appellant was no stranger to the criminal legal process at the time of trial in this case. On 25 August 1982, he was convicted by a general court-martial of absence without leave and willful disobedience; his sentence included a bad-conduct discharge and confinement. After serving his confinement the appellant was placed on excess leave awaiting appellate review of his case. While on excess leave in 1983 he was convicted of rape, unlawful restraint and armed robbery in Illinois and sentenced to confinement in a state penitentiary. He was in the penitentiary when military authorities apprehended him for committing the offenses at issue in this case. In addition, the appellant's military record includes evidence of nonjudicial punishment on five occasions.

With this background, it is not surprising that the appellant's negotiated guilty plea strategy was unique. Faced with a sordid military and civilian record, a grim future and extremely serious court-martial charges, the appellant decided to plead guilty and literally throw himself on the mercy of the convening authority. As a bargaining chip, he offered not to make any motions concerning the legality of any search and seizure or any out-of-court identification. Pretrial strategy takes many forms in the military community. Here the

appellant tried to gain favor with the convening authority by announcing that he would not raise certain motions. The record shows the convening authority did not request the waiver; he merely acceded to it. We do not doubt that, given the terms of the proferred agreement, the convening authority was more favorably inclined to approve the appellant's offer. However, the fact that appellant initiated the offer assuages any concern that the agreement impermissibly deprived appellant of any fundamental right.

The appellant profited greatly by his strategy. He received 8 rather than a possible 35 years' confinement. We do not believe any public policy concern was triggered when the appellant in this case voluntarily exercised his right to obtain the best that he could from the criminal process by offering to waive the specified motions. Accordingly, appellant's assignment of error is without merit.

The findings of guilty and sentence are affirmed.

Senior Judge YAWN and Judge WALCZAK concur.