### UNITED STATES

v.

**Randal G. JENNINGS, 351 66 4682 Private (E–1), U.S. Marine Corps.**

**NMCM 85 4277.**

U.S. Navy-Marine Corps Court of Military Review.

30 June 1986.

LCDR James J. Quigley, JAGC, USN, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

LT J.K. Ianno, JAGC, USNR, Appellate Government Counsel.

Before JOHN W. KERCHEVAL II, Senior Judge, and MICHAEL D. RAPP and JOHN E. GRANT, JR., JJ.

**PER CURIAM:**

A special court-martial composed of military judge alone convicted the appellant of four unauthorized absences, pursuant to his guilty pleas. He was sentenced to a bad-conduct discharge, confinement for 60 days, and forfeitures of $300.00 pay per month for two months. The sentence was approved without change by the convening authority. Before this Court the appellant has raised a single assignment of error:

> THE PROVISION IN THE PRETRIAL AGREEMENT REQUIRING APPELLANT TO WAIVE ANY PRETRIAL MOTION HE WAS ENTITLED TO RAISE RENDERED THE AGREEMENT NULL AND VOID.

At trial the appellant pleaded guilty pursuant to a pretrial agreement which promised limitation of approved confinement to two months in return for the appellant's guilty pleas to the offenses as charged. The pretrial agreement contained generally standard provisions, except for the appellant's concession, "That I waive any pretrial motion I may be entitled to raise." The military judge thoroughly reviewed the pretrial agreement with the appellant, confirming that the appellant fully understood the agreement and had gone over it with his trial defense counsel, that the agreement originated with the defense, that the appellant understood he was agreeing to waive any pretrial motions, and that the only pretrial motion being waived by the appellant pertained to allegedly illegal pretrial confinement. The trial defense counsel responded to the military judge's inquiry about the motion to be waived that:

> The 24-hour letter which is supposed to be sent from the officer that orders confinement, confinement in Great Lakes, there is no evidence that that was written, and as a result, the remaining period of time that the accused was in Great Lakes may have been subject to administrative credit."

The trial defense counsel was apparently referring to Rule for Courts-Martial 305(h)(1) which provides:

(1) *Report.* Unless the commander of the prisoner ordered the pretrial confinement, the commissioned, warrant, noncommissioned, or petty officer to whose charge the prisoner was committed shall, within 24 hours after that commitment, cause to be made a report to the commander which shall contain the name of the prisoner, the offenses charged against the prisoner, and the name of the person who ordered or authorized confinement.

■ Initially, we have no doubt that the provision requiring the appellant to waive all pretrial motions was contrary to public policy, and thus null and void, as it had the potential for denying the appellant a fair hearing, through substituting the agreement for the trial and potentially rendering the trial an empty ritual. *See United States v. Holland,* 1 M.J. 58 (C.M.A.1975) (citing *United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968)). Our inquiry does not stop here, however, as we must further ascertain whether the appellant suffered prejudice as result of this provision. *See United States v. Mitchell,* 15 M.J. 238 (C.M.A.1983). We conclude he did not and therefore reject his assignment of error.

■ The military judge determined that the appellant was actually waiving only one pretrial motion, i.e. allegedly illegal pretrial confinement. Waiver of such motion is not automatically precluded by R.C.M. 705(c)(1). Further, flexibility and imagination in pretrial agreements have been allowed, so long as the trial and appellate processes are not rendered ineffective and their integrity is maintained. *See Mitchell,* 15 M.J. 238 (Everett, C.J., concurring.) The present case satisfies these conditions. First, the pretrial motion waived by the appellant is a collateral matter and would have a relatively insignificant impact on the trial and appellate processes, as it pertains to a technical documentary omission rather than a substantial deprivation of rights. Second, there is no indication in the record of prosecutorial excesses by overreaching or forcing the appellant into a contract of adhesion through taking advantage of his inferior bargaining position to extract his relinquishment of valuable procedural rights. *See United States v. Schaffer,* 12 M.J. 425 (C.M.A.1982.) It is significant that the provision for waiver of any pretrial motions is a conspicuous addition to the preprinted form normally employed. Also, appellant assured the military judge that the idea for a pretrial agreement originated with the defense and that he fully understood the agreement. At no time during discussion of the pretrial agreement did the appellant appear hesitant or uncertain about its contents or his desire to avail himself of its terms. Third, although not determinative, it is important to note that the appellant received a substantial benefit, because the maximum confinement which could be approved was significantly limited. This particular concession by the Government could have been a vital part of the appellant's strategy. If he had prevailed on the motion, his remedy would have been credit applied to reduce the adjudged confinement he would have to serve, so he may have concluded that the gain from waiving the motion would exceed the potential credit he could get from its litigation.

Thus, the appellant's agreement to waive a motion alleging illegal pretrial confinement did not, under the circumstances of this case, offend public policy, because it did not impermissibly interfere with the effectiveness of the trial or appellate process. Rather than delimiting the evidence to be presented on the issue of the appellant's guilt or innocence, it involved a collateral matter of relatively inconsequential nature, and scrupulous testing by application of military safeguards in the form of inquiry by the military judge confirmed that it was not the product of prosecutorial overreaching. *See Schaffer, supra; United States v. Jones,* 20 M.J. 853 (A.C.M.R. 1985). As a result we find no prejudice to the appellant, and we affirm the findings and sentence as approved on review below.