**UNITED STATES**

v.

**Manuel CANTU, Jr., 455 57 6876, Seaman Recruit (E–1), U.S. Naval Reserve.**

**NMCM 88 4373.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 9 June 1988.

Decided 31 Aug. 1989.

LCDR L. Saccoccio, JAGC, USN, Appellate Defense Counsel.

LT J.L. Staley, JAGC, USNR, Appellate Defense Counsel.

LT Thomas E. Miro, JAGC, USNR, Appellate Defense Counsel.

CAPT Wendell A. Kjos, JAGC, USN, Appellate Government Counsel.

LCDR Fredric Matthews, JAGC, USNR–R, Appellate Government Counsel.

LT Charles A. Polen, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and STRICKLAND and RUBENS, JJ.

RUBENS, Judge:

Pursuant to his pleas, a military judge sitting alone as a general court-martial convicted appellant of distribution and of use of marijuana in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. Contrary to his pleas, the military judge also convicted appellant of two specifications of distribution of LSD on board a naval vessel, also in violation of Article 112a, UCMJ. The military judge sentenced appellant to confinement for 6 years, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority approved the sentence, but suspended confinement in excess of 3 years in accordance with the pretrial agreement.

Appellant alleges as his single assignment of error [1] that the military judge prejudicially erred in accepting the pretrial agreement. We agree.

In exchange for a limitation on the sentence, appellant agreed to plead guilty to the two marijuana offenses and to join in four stipulations of expected testimony and one stipulation of fact with respect to the LSD offenses. The agreement permitted the appellant to plead not guilty to the two LSD offenses; however, the agreement further provided that he would lose the benefit of the pretrial agreement if he presented evidence on these offenses.[2] The stipulations by themselves directly or inferentially establish all the elements and, thus, practically amount to a confession. Furthermore, the pretrial agreement term precluding appellant from presenting any contrary defense evidence (coupled with the fact that counsel cannot cross-examine stipulations and, thus, elicit any contrary evidence) makes this agreement a *de facto* plea of guilty. The pretrial agreement term precluding contrary evidence means that the stipulations of expected testimony are, in effect, stipulations of fact. Accordingly, the military judge was required to conduct the confessional stipulation inquiry specified in *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977), now set forth in Rule for Courts–Martial (R.C.M.) 811(c)

1. This case was initially submitted without specific assignment of error. We specified this issue.

2. The appellant presented no evidence on the LSD offenses. In fact, appellant's civilian defense counsel did not even make an argument with respect to findings on the LSD offenses. This was a not guilty plea "in name only."

Discussion, Manual for Courts–Martial (MCM), United States, 1984.[3]

 Although the military judge conducted a lengthy inquiry and determined that appellant understood the pretrial agreement and wanted to enter into the stipulations, he did not elicit the required factual basis for the confessional stipulations from the appellant. Appellant clearly indicated that the individuals in the stipulations of expected testimony would testify as indicated, but he never stated nor was he asked whether their testimony had a factual basis and was true. In fact, appellant's civilian counsel indicated at trial that appellant did not believe that what they said was true. Thus, the military judge should have refused to accept the pretrial agreement and the stipulations, allowed appellant to withdraw his guilty pleas if he desired, and required the Government to prove appellant's guilt without the stipulations if it could. It was error to accept the stipulations. *United States v. Bertelson,* 3 M.J. at 316; *United States v. Enlow,* 26 M.J. 940, 945 (ACMR 1988) (military judge must assure himself that each sentence of the stipulation is true); *United States v. Sawinski,* 16 M.J. 808, 810, 812 (NMCMR 1983) (military judge should, at minimum, extract from accused verbal admissions of facts necessary to relate him personally to the offenses). Since the Government's entire case on the LSD offenses was presented in stipulations, the error was clearly prejudicial. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

 The guilty pleas, the not guilty pleas, the pretrial agreement, and the erroneously admitted stipulations are all inextricably intertwined. It would be inappropriate, therefore, to affirm any of the guilty findings.[4] Contrary to appellant's

assertions, however, the erroneous acceptance of the confessional stipulations and the pretrial agreement does not mandate dismissal. The appropriate remedy is a full rehearing. Accordingly, the findings of guilty and the sentence are set aside and a rehearing is authorized.

Senior Judge ALBERTSON and Judge STRICKLAND concur.

3. Because we find that the *Bertelson*/R.C.M. 811(c) Discussion inquiry as to the stipulations was inadequate, we need not address the broader question whether the terms of this pretrial agreement (*i.e.,* mixed pleas, confessional stipulations, and the preclusion of defense evidence on contested offenses) are contrary to public policy or fundamentally unfair. *See United States v. Hoaglin,* 10 M.J. 769 (NCMR 1981); *United States v. Williamson,* 4 M.J. 708 (NCMR 1977); *see also United States v. Hall,* 26 M.J. 739,

742, 743 (NMCMR 1988) (distinction between "public policy" and "fundamental fairness").

4. We will not speculate whether appellant would have persisted in his guilty pleas to the marijuana offenses if the military judge had rejected the stipulations and appellant knew that he would not receive the benefits of the pretrial agreement.