UNITED STATES

v.

Tommy E. KEYES, 274 72 2725, Lance Corporal (E–3), U.S. Marine Corps.

NMCM 90 2965.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 23 Jan. 1990.

Decided 14 June 1991.

LtCol Eugene P. Whetzel, USMCR, Appellate Defense Counsel.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LT Kirk A. Ludwig, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, LANDEN and LAWRENCE, JJ.

LAWRENCE, Judge:

Appellant was tried by special court-martial, military judge sitting alone, and in accordance with his pleas was convicted of an unauthorized absence terminated by apprehension of about 40 days. The adjudged and approved sentence includes a bad-conduct discharge, forfeiture of $150.00 pay per month for 2 months, reduction to pay grade E–1, and confinement for 60 days. The pretrial agreement had no effect on the sentence.

Appellant assigns two errors.[1] We will first discuss the second that concerns the provision in the pretrial agreement by which appellant agreed "to waive R.C.M. 902(a) rights." Rule for Courts–Martial (R.C.M.) 902(a), Manual for Courts–Martial, United States, 1984, states:

> Except as provided in subsection (e) of this rule, a military judge shall disqualify himself or herself in any proceeding in which the military judge's impartiality might reasonably be questioned.

Subsection (e) states that a waiver of a disqualification under R.C.M. 902(a) may be accepted if the basis of the disqualification is fully disclosed on the record prior to acceptance. Two questions are posed by the inclusion of this provision in appellant's pretrial agreement: (1) is such a provision void as being contrary to public policy, and (2) was appellant prejudiced in any way by the inclusion of the provision?

■ As to the first question, the Government brief points out that this provision was added "for reasons unknown," and we agree fully that its inclusion is perplexing indeed. R.C.M. 902(b) protects an accused's right to a fair trial, and a free and knowing waiver of any disqualification based on this section *shall* be accepted by the military judge. The Analysis to R.C.M. 902(a) indicates that this section of the Rule is drawn from the language of 28 U.S.C. § 455(a) and ABA Code of Judicial Conduct 3 C (1972, as amended). R.C.M. 902(a) is intended to promote public confidence in the integrity of the military justice system, *see Liljeberg v. Health Services Acquisition Services,* 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (interpreting congressional intent in 1974 amendments to 28 U.S.C. § 455(a)); *United States v. Bradley,* 7 M.J. 332, 333–34 (C.M.A.1979); *United States v. Sherrod,* 22 M.J. 917, 920 (A.C.M.R.1986); *Parker v. Connors Steel Co.,* 855 F.2d 1510 (11th Cir. 1988); and even after full disclosure of the basis of any disqualification under this section and a free and knowing waiver of it by the accused, the military judge may still reject the waiver and disqualify himself based on his own evaluation of whether his impartiality reasonably might still be questioned.

■ We perceive no legitimate interest in the convening authority or the trial counsel, as representatives of the United States, in facilitating a trial whose conduct may diminish public confidence in the military justice system, and any advantage to the Government that may accrue in keeping a given military judge on a case is *de minimis* in relation to the potential erosion of public confidence that may come about. R.C.M. 902(a) establishes a responsibility in the military judge that is independent of any right or interest of the accused. Nor has the accused any right or authority to negotiate an agreement in his personal interest that subverts the Government's or the public's right to ensure the integrity of the military justice system. R.C.M. 902(e) simply recognizes the fact that if a poten-

---

1. I. A SENTENCE INCLUDING AN UNSUSPENDED BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

II. APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL WHERE PURSUANT TO A PRETRIAL AGREEMENT, HE WAIVED HIS "R.C.M. 902(a) RIGHTS."

tial disqualification is fully disclosed to all parties and the public in open court, and the accused freely and knowingly waives it, the public may have no reason to lose confidence in the integrity of the subsequent court-martial; however, the disclosure and waiver may be insufficient to dispel any doubt that the public may have in the integrity of the proceedings. In the latter case, the military judge should refuse to accept the waiver. In general, we believe that acceptance of waivers of a R.C.M. 902(a) disqualification "should be limited to marginal cases and should be exercised with the utmost restraint." *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir.1989) (waiver of 28 U.S.C. § 455(a) disqualification); *but see United States v. Edwards*, 27 M.J. 504 (A.C.M.R.1988). Whatever the ordinary weight to be given an accused's willingness to waive a R.C.M. 902(a) disqualification, if the waiver is part of a pretrial agreement the public may be less confident that it is freely given since they may doubt the accused's ability to negotiate at arm's length with the prosecutorial authority.

■ Thus we answer the first question as follows: because the provision is ineffective it is not void as being against public policy. It is an offer by an accused to give up a right that he does not possess, and an acceptance by a convening authority who gains little in return from the bargain. Even with this provision, the military judge is unfettered in making his own determination whether his impartiality might reasonably be questioned if he presides over the case. Additionally, no agreement between a convening authority and an accused can restrict this Court's authority and responsibilities under Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866. *See United States v. Cole*, 31 M.J. 270 (C.M.A.1990). No provision of the Manual for Courts–Martial, United States, 1984, such as R.C.M. 902(e), may preclude us from making our own assessment of whether the findings and sentence should be approved. *See United States v. Claxton*, 32 M.J. 159 (C.M.A.1991). For these reasons, the pretrial agreement provision has no binding or meaningful effect on the trial or review of the case. Public policy is unconcerned with matters that lack any significant consequences.[2]

■ Regarding the second question, during the Article 39(a), UCMJ, session held prior to arraignment, the trial defense counsel stated that appellant had previously authorized him to waive any "R.C.M. 902(a) rights he may have had." Trial defense counsel then questioned the military judge to determine if any R.C.M. 902(b) basis for disqualification existed. This questioning revealed that the military judge had presided previously at a special court-martial of appellant that also involved an unauthorized absence offense. The record indicates that this is the only basis for any disqualification under R.C.M. 902(a) or (b), and the military judge specifically disavowed any personal bias or prejudice against appellant. At the conclusion of the questioning, trial defense counsel stated that the defense had no challenge against the military judge under R.C.M. 902(b), saying also that appellant had "authorized [him] to waive [any R.C.M. 902(a) disqualification] pursuant to [R.C.M.] 902(e)."

■ Presiding at an earlier court-martial is not a *per se* disqualification from sitting as a military judge in a subsequent case involving the same accused. *United States v. Soriano*, 20 M.J. 337, 340 (C.M.A. 1985); *cf. In re Beard*, 811 F.2d 818, 827 (4th Cir.1987), and that fact standing alone does not even raise a R.C.M. 902(a) issue. The pretrial agreement provision does not mention R.C.M. 902(e), thus the defense's waiver pursuant to R.C.M. 902(e) was not specifically required by the agreement. Neither R.C.M. 902(a) nor (e) pertains to the right of an accused to question a mili-

---

**2.** We do not decide whether a convening authority may withdraw from a pretrial agreement if the accused fails to waive a R.C.M. 902(a) disqualification as he is obliged to do in a defense-initiated part of the agreement since that question is not before us; however, if the provision is without meaning or effect it is difficult to see how failure to abide by it could materially affect the bargain.

**570**

tary judge to develop a ground for challenge, therefore, we do not read the pretrial agreement provision as precluding the defense from *questioning* the military judge to elicit facts that would require him to disqualify himself *sua sponte* whether or not the accused asserted or waived a R.C.M. 902(a) disqualification. The military judge correctly recognized his obligation to disqualify himself in any proceeding in which his impartiality might reasonably be questioned even absent a request from counsel to do so, and he specifically found that he was not disqualified under R.C.M. 902(a). We accord this finding substantial weight. *See generally United States v. Clark*, 31 M.J. 721 (A.F.C.M.R. 1990) (and cases cited therein). Additionally, even ignoring the fact that any knowledge of or views towards appellant would have stemmed from the military judge's judicial duties, *see id.*, any significant issue of his qualification to preside in this case would likely arise under R.C.M. 902(b) vice (a); and trial defense counsel made clear that the defense was free to question and thereafter challenge the military judge under this latter section of the Rule. Later, in discussing this provision as part of the general discussion of the pretrial agreement, appellant stated that the provision originated with him and his defense counsel. We are strongly disinclined to find error and resulting prejudice to an accused in a provision injected into the agreement by the accused himself. We find that this provision in the pretrial agreement resulted in no prejudice to appellant in this case, thus we answer the second question posed above in the negative.

■ As to the remaining assignment of error, in light of appellant's previous disciplinary record, we find the unsuspended bad-conduct discharge appropriate.

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge ALBERTSON and Judge LANDEN concur.