UNITED STATES,

v.

**Larry J. DAVIS, Jr., 245 37 0475, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 96 00319.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 18 Aug. 1995.

Decided 21 Feb. 1997.

LT Estela I. Velez, JAGC, USNR, Appellate Defense Counsel.

LCDR John R. Livingston, Jr., JAGC, USN, Appellate Government Counsel.

Before DOMBROSKI, C.J., and LUCAS and OLIVER, JJ.

OLIVER, Judge:

■ This case involves an issue of first impression concerning how far an accused and a convening authority can go in fashioning a pretrial agreement. The question is whether, in exchange for a sentence limitation in a pretrial agreement, an accused can plead not guilty, enter into a confessional stipulation, and waive his right to present evidence on the merits. We hold that, although unusual, this procedure is not inconsistent with due process under the facts of this case.

A military judge, sitting as a general court-martial, convicted the appellant, contrary to his pleas, of two periods of unauthorized absence, wrongfully possessing drug paraphernalia, wrongfully using marijuana and cocaine, and making and uttering checks without sufficient funds, in violation of Articles 86, 92, 112a, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, and 923 (1994)[hereinafter UCMJ]. The military judge sentenced the appellant to confinement for 1 year, total forfeitures, reduction to paygrade E–1, and a bad-conduct discharge. The pretrial agreement had no effect on the sentence and the convening authority approved the sentence as adjudged. In his single assignment of error [1] the appellant now contends that the provision of his pretrial agreement, which barred him from calling witnesses or presenting other evidence on the merits violates "the right to due process" provision of RULE FOR COURTS-MARTIAL 705(c)(1)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.]. We disagree.

Pretrial agreements have long been an important part of much of contemporary criminal litigation. They are intended to prevent informal "understandings" and protect the rights of the accused and the inter-ests of the Government. *See Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Military jurisprudence concerning pretrial agreements has evolved over the years. In *United States v. Cummings,* 17 C.M.A. 376, 38 C.M.R. 174, 1968 WL 5361 (1968), the Court of Military Appeals held that the inclusion of a provision in a pretrial agreement that waived the "accused's right to contest the issues of speedy trial and due process are contrary to public policy and void." *Id.* 38 C.M.R. at 177. The court stated that "such a waiver has no place in any pretrial agreement." *Id.* The court then emphasized:

> [P]retrial agreements are properly limited to the exchange of a plea of guilty for approval of a stated maximum sentence. Attempting to make them into contractual type documents which forbid the trial of collateral issues and eliminate matters which can and should be considered below, as well as on appeal, substitutes the agreement for the trial and, indeed, renders the latter an empty ritual.

*Id.* at 178. *See United States v. Allen,* 8 C.M.A. 504, 507, 25 C.M.R. 8, 11, 1957 WL 4636 (1957)("[The pretrial] agreement cannot transform the trial into an empty ritual."). In *United States v. Schmeltz,* 1 M.J. 8, 11 (C.M.A.1975), the Court of Military Appeals noted that in several cases they had stated that "pretrial agreements should concern themselves only with bargaining on the charges and the sentence." Finally, in *United States v. Mills,* 12 M.J. 1, 4 (C.M.A.1981), the court refused to "approve an agreement between an accused and the convening authority which would tend to inhibit the exercise of appellate rights."

In later years the courts have provided the litigants with much wider latitude to negotiate agreements. In *United States v. Schaffer,* 12 M.J. 425, 427 (C.M.A.1982), the court observed that, "despite our pronouncements, increasingly sophisticated plea bargains have

1. THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT'S PRETRIAL AGREEMENT IN THAT THE PRETRIAL AGREEMENT CONTAINED A PROHIBITED AND UNENFORCEA-BLE PROVISION TO "CALL NO WITNESSES AND PRESENT NO EVIDENCE ON MY BEHALF DURING THE CASE ON THE MERITS,"

been devised."[2] In *United States v. Gibson,* 29 M.J. 379 (C.M.A.1990), the court held that the provision of a pretrial agreement by which the accused agreed to waive evidentiary objections to pretrial statements made by his children did not violate public policy or render the resulting verdict fundamentally unfair. *Id.* at 382. *See United States v. McKenzie,* 39 M.J. 946, 949 (N.M.C.M.R. 1994) (holding that a provision requiring the accused to waive any objection to introduction of certain evidence did not violate public policy). And finally, in *United States v. Gansemer,* 38 M.J. 340 (C.M.A.1993), the issue was whether a provision to waive an administrative discharge board is a proper condition of a pretrial agreement. Finding that the accused had freely entered into the agreement and that there was no evidence of overreaching by the Government, the court held that the accused's waiver of his right to administrative discharge proceedings was valid. *Id.* at 342. However, the courts have not provided litigants with a *carte blanche* to negotiate whatever they choose. The courts will not tolerate prosecutorial overreaching or agreements which are substantially unfair. *See, e.g., Spriggs v. United States,* 40 M.J. 158, 163 (C.M.A.1994).

The appellate courts have also reviewed whether a court can properly consider a stipulation of fact which admits all or many of the elements of the offense of which the accused is charged. In the leading case, *United States v. Bertelson,* 3 M.J. 314 (C.M.A.1977), the court "reject[ed] the contention that such a confessional stipulation cannot be admitted under any circumstances." *Id.* at 315 (footnote omitted). The court observed that "a military judge ... may admit a stipulation which amounts practically to a confession provided that the accused has first knowingly, intelligently and voluntarily consented to its admission ... [and the military judge has also ascertained] from the accused on the record that a factual basis exists for the stipulation." *Id.* at 315, 317 (citations omitted). In *United States v.*

*Sweet,* 42 M.J. 183, 185–86 (1995), the Court of Appeals for the Armed Forces affirmed the decision of this court that a confessional stipulation, voluntarily submitted and admitted by the accused as true, could be used to replace much of the detailed factual review during the *Care* /R.C.M. 910 inquiry. *See United States v. Care,* 18 C.M.A. 535, 541, 40 C.M.R. 247, 253, 1969 WL 6059 (1969), and R.C.M. 910, which require the military judge to explain to the accused every element of the offense charged and to elicit facts which support the pleas.

In codifying this developing case law, R.C.M. 705 provides procedural guidance concerning pretrial agreements. R.C.M. 705(b) specifically provides that the accused's consideration for entering into a pretrial agreement may include a promise to plead guilty "or to enter a confessional stipulation to one or more charges and specifications...."

R.C.M. 705(c) outlines both prohibited and permissible terms or conditions in pretrial agreements: "A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; [and] the complete and effective exercise of posttrial and appellate rights." R.C.M. 705(c)(1)(B). The next subsection states:

(2) *Permissible terms or conditions.* Subject to subsection (c)(1)(A) of this rule [which provides that the accused must have freely and voluntarily agreed to any condition], subsection (c)(1)(B) of this rule does not prohibit either party from proposing the following additional conditions:

(A) A promise to enter into a stipulation of fact concerning offenses to which a plea of guilty or as to which a confessional stipulation will be entered....

The language of this Rule implies that an accused can either plead guilty or plead not

---

THEREBY VIOLATING RULE FOR COURTS–MARTIAL 705(c)(1)(B).

2. The accused in *Schaffer* had not only waived the pretrial investigation but entered into a con-

fessional stipulation of fact which established a *prima facie* case of larceny but allowed his counsel to argue that he should be found guilty only of wrongful appropriation. 12 M.J. at 427 n. 4.

guilty and then enter into a confessional stipulation. In the Analysis of Rule 705(c), the drafters noted:

> This subsection is intended to ensure that certain fundamental rights of the accused cannot be bargained away while permitting the accused substantial latitude to enter into terms or conditions as long as the accused does so freely and voluntarily. Subsection (1)(B) lists certain matters which cannot be bargained away. This is because to give up these matters would leave no substantial means to ensure judicially that the accused's pleas were provident, that the accused entered the pretrial agreement voluntarily, and that the sentencing proceedings met acceptable standards.

MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), app. 21, at A21–38 (citations omitted) [hereinafter MCM].

In the instant case, the appellant entered into a pretrial agreement with the convening authority 3 days before trial. Unlike virtually all such agreements we have reviewed, however, this one did not require that the appellant plead guilty to any of the offenses with which he was charged or even any lesser offenses. Instead, the major consideration he offered, in exchange for a promise from the convening authority to suspend any confinement in excess of 12 months, was to enter into a confessional stipulation and agree not to present any witnesses or other evidence on the merits.[3] Appellate Exhibit I, "Terms of the Agreement," at 2, ¶¶ 2, 3. The appellant, through his counsel, pled not guilty to all charges and specifications. Record at 7.

Before accepting the pretrial agreement, Appellate Exhibit I, and the Stipulation of Fact, Prosecution Exhibit 1, the military judge conducted a comprehensive on-the-record review. He stated that this "appears to be a confessional stipulation" and that it was therefore "necessary that I conduct what's called a *Bertelson* inquiry." Record at 7. Inquiring of both counsel and the appellant,

the military judge ascertained that entering into the stipulation was a condition of the pretrial agreement and that the appellant had discussed it carefully with his defense counsel. Record at 7–9. In a manner quite similar to a *Care* inquiry, the military judge, after laying out each of the elements of the offenses, reviewed whether the appellant understood that the stipulation admitted virtually every element of each of the offenses to which he was pleading not guilty. Record at 9–19. He then went over every one of the provisions of the pretrial agreement to make sure that the appellant understood it completely. Record at 19–24. He thus assured himself that the appellant had entered into the agreement intelligently and voluntarily and that there was a factual basis for each of the admissions. Finally, the appellant produced persuasive evidence and testimony, and then argued vigorously, in an effort to limit his punishment. Record at 28–47. This was no "kangaroo court."

We also note that the appellant expressly waived his right to present evidence on the merits. The Supreme Court recently observed that waiver is the "intentional relinquishment of a known right" and that it has the legal effect of extinguishing any error regarding that right. *United States v. Olano*, 507 U.S. 725, 733–34, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). After the prosecution rested its case, the military judge noted that normally the appellant would have the right to present testimony and other evidence at that point in his own defense. Relying upon his pretrial agreement, the appellant specifically waived "all of those" rights to preserve the benefits of the pretrial agreement. Record at 26. Had the appellant told the military judge at that point that he wished to present evidence, the military judge likely would have permitted him to do so (although perhaps at the cost of losing his pretrial agreement). If the military judge had prevented the appellant from doing so, the appellant would have preserved the due-process issue on appeal. However, he affirmatively told the military judge that

---

**3.** The appellant also agreed to a trial by military judge alone and to complete in-patient drug rehabilitation "at the earliest time practicable." Appellate Exhibit I, "Terms of the Agreement," at 2, ¶¶ 1, 4. The appellant does not contend that these are objectionable terms or conditions. *See* R.C.M. 705(c)(2)(E).

he did not wish to present any evidence on the merits. Record at 26. Despite the position of our dissenting brother that presenting no evidence on the merits practically amounts to *per se* ineffective assistance of counsel, this can be an appropriate trial strategy. *See, e.g., United States v. Van Syoc*, 36 M.J. 461, 464 (C.M.A.1993); *United States v. Dennis*, 39 M.J. 623, 624 (N.M.C.M.R.1993) ("The appellant did not testify on the merits and trial and the defense presented no evidence whatsoever in its case in chief."). After applying the *Olano* analysis, we find that the appellant knowingly and explicitly waived his right to present evidence on the merits and to complain on appeal.

We also can find no prejudice to the appellant on these facts. In *United States v. Gibson*, 29 M.J. 379, 382 (C.M.A.1990), the Court of Military Appeals found no substantial prejudice to the accused when he agreed, in his pretrial agreement, to not object to the admission of various out-of-court statements as evidence against him. In his concurring opinion, Chief Judge Everett, after quoting relevant language from R.C.M. 705, concluded: "If an accused can waive many of his most important safeguards by pleading guilty or entering into a confessional stipulation, I see no reason why he should not be free to enter into [this agreement]." *Id.* at 383 (Everett, C.J., concurring). In *United States v. Jennings*, 22 M.J. 837, 839 (N.M.C.M.R. 1986), this court found, although the provision of the pretrial agreement requiring appellant to waive all motions was contrary to public policy and "null and void," that there was no prejudice. As a result, the *Jennings* court affirmed the findings and sentence. "[S]crupulous testing by application of military safeguards in the form of inquiry by the military judge confirmed that [this agreement] was not the product of prosecutorial overreaching." *Id.*

Under the circumstances of this case, we believe that there was no infringement on the appellant's due process or other substantive rights. Moreover, we have no difficulty finding, as did the military judge, that the appellant "knowingly and voluntarily consented to the use of [the confessional] stipulation as evidence before this court." Record at 25. We also find no abuse of his discretion in his finding "that the pretrial agreement is in accordance with appellate case law, not contrary to public policy or [his] own notions of fairness. . . ." *Id.* See *United States v. Cassity*, 36 M.J. 759, 762 (N.M.C.M.R.1992) (noting that the discretion the military judge exercises in determining whether a provision of a pretrial agreement violates notions of fundamental fairness is only subject to review for abuse of that discretion). And finally, we find that the appellant affirmatively waived any error. As a result, we find this assignment of error to be without merit.

Although we conclude that there was no error on the facts of this case, we question what the parties hoped to accomplish by taking such a novel approach. Unlike in *Schaffer*, the trial defense counsel was not preserving his right to argue for a lesser quantum of criminal culpability. *See Schaffer*, 12 M.J. at 427 n. 4. But even if that were the case, the normal procedure is to plead guilty to the lesser included offense and then litigate the additional element or aggravating factor. As in *United States v. Cantu*, 30 M.J. 1088 (N.M.C.M.R.1989), this case appeared to involve "a not guilty plea 'in name only.'" *Id.* at 1089 n. 2. Proceedings which appear, in whole or in part, to be "shams" or "empty rituals" do not enhance public respect for military justice. We are somewhat concerned, as were our brethren in *Cantu* and as is our dissenting brother, that, in addition to producing no evidence for his client, the trial defense counsel never even made an opening argument with respect to findings.[4] There were no motions or rulings the appellant wanted to preserve for appellate review.[5] Even if there were such

---

4. We note that the trial defense counsel did argue in a brief closing argument that, other than the inference raised by the stipulation, the Government failed to prove intent to defraud under the Art. 123a, UCMJ, 10 U.S.C. § 923(a), offenses. Record at 26–27. But we are inclined to believe that this was a spur-of-the-moment argument, and not a fundamental part of the appellant's trial strategy.

5. We trust that the parties did not take this approach merely to create an appellate issue.

motions, pleading not guilty is unnecessary; R.C.M. 910(a)(2) specifically provides for conditional pleas.

The real reason we perceive for the approach taken here was an effort by counsel and the convening authority to expedite the findings portion of the trial and avoid a full-blown *Care* inquiry. We join with our dissenting brother in finding this disturbing. We do not fault the military judge: he fully met his responsibility of examining the operative documents which came before him, resolving ambiguities, and ensuring compliance with applicable law. The military judge is only the referee: he is not the coach for either side and cannot devise the game plan. And, on balance, we believe this proceeding was conducted fairly.

While we are confident that the military judge protected the fundamental rights of the appellant and the court-martial as a whole was not the "sham" proceeding the appellant now claims, we would caution practitioners against entering a not guilty plea merely to avoid the providence inquiry. *See United States v. Clevenger*, 42 C.M.R. 895, 897, 1970 WL 7262 (A.C.M.R.1970) (holding that a policy which "affirmatively encourages an accused to forsake his right to plead guilty for purposes of expediency is improper and erroneous."). Indeed, we affirm the findings and sentence in this case only because the military judge, in assuring himself that the appellant fully understood what was going on and that justice was being done, conducted an inquiry which was substantively similar to the inquiry which *Care* and R.C.M 910 require. We might well have reached a different conclusion on a less comprehensive inquiry.

■ This court has authorized parties to use a stipulation of fact to help the providence inquiry proceed more smoothly, *United States v. Sweet*, 38 M.J. 583, 589–90, 592–93 (N.M.C.M.R.1993), *aff'd*, 42 M.J. 183 (1995). In zealously representing the competing interests of their clients, practitioners should follow such well-established procedures. If an accused believes himself or herself to be guilty of some or all of the offenses with which he or she is charged and wishes to benefit from a pretrial agreement, the appropriate procedure is to plead guilty. If nothing else, this enables the defense counsel to argue that his or her client, in pleading guilty, has saved the Government "time, effort, and expense" and that such a plea "may be the first step towards rehabilitation." *See* Navy-Marine Corps Trial Judiciary's Trial Guide 98 (Jan.1996) ("Mitigating Effect of Guilty Plea"). *See also United States v. Sharper*, 17 M.J. 803 (A.C.M.R. 1984) (holding that a stipulation of fact along with a guilty plea are significant steps toward rehabilitation and "save time, money and effort." *Id.* at 807).

Despite our concerns, however, and after reviewing the entire record, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, we affirm the findings and the sentence, as approved on review below.

Chief Judge DOMBROSKI concurs.

Judge LUCAS (dissenting):

I respectfully dissent. In the pretrial agreement for this contested general court-martial, the appellant agreed to waive his right to be tried by members, to present evidence on the merits, and to call witnesses on the merits. The appellant also agreed to enter into a confessional stipulation of fact, Prosecution Exhibit 1, which effectively encompassed all of the elements of the charged offenses. Now, the appellant contends that the combination of those pretrial agreement terms violates Rule for Courts-Martial 705(c)(1)(B), Manual for Courts-Martial, United States (1995 ed.) [hereinafter R.C.M.]. I agree.

The Government argues that R.C.M. 705(c)(1)(B) has not been violated, and, even if it was, the appellant waived the issue at trial, which precludes this court from reviewing the alleged error. Also, the Government argues that because the appellant understood the nature and the consequences of all of the agreement's terms and voluntarily entered into the agreement, that the appellant should not be heard to complain now.

In my opinion, this pretrial agreement is defective. It violates R.C.M. 705(c)(1)(B). Also, portions of the pre-trial agreement should be deemed void as a matter of law and public policy. A knowing and voluntary acceptance of a defective agreement does not change its objectionable nature. The agreement should not be approved by this court.

R.C.M. 705(c)(1)(B) indicates that "a term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel, the right to due process, ..." or several other rights. In this case, the appellant was denied the right to counsel. On its face, this case was a contested general court-martial. However, the trial defense counsel made no opening statement, and the pretrial agreement barred the appellant from offering evidence on the merits or calling witnesses on the merits. If there had been no pretrial agreement requiring such total inaction, we would not hesitate, I hope, to find that the appellant was denied his constitutional and statutory right to effective representation. I am not willing to approve of a pretrial agreement in which the parties contract for ineffective assistance of counsel in violation of R.C.M. 705(c)(1)(B).

This agreement also violates R.C.M. 705(c)(1)(B) because it deprives the appellant of his right to due process. There cannot be any more fundamental due process right at a contested general court-martial than the right of an accused to present evidence and call witnesses. By its terms, this agreement deprived the appellant of that opportunity.

Actually, this case was a contested general court-martial in name only. The appellant contends, and the Government concedes in its pleading, that this was a de facto guilty plea case. I agree and I am not satisfied with the trial judge's inquiry regarding the rights of the appellant. The trial judge should have ascertained, on the record, that the appellant understood that his was not really a contested case. The trial judge should have ensured that the appellant was aware of the important rights he enjoyed because of his pleas of not guilty. Also, he should have ensured that the appellant was knowingly, consciously, and intelligently waiving those rights in this de facto guilty

plea case. See R.C.M. 910(c); United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969). Such a procedure is subtly more extensive than the Bertelson inquiry conducted in this case because of the confessional stipulation of fact. United States v. Bertelson, 3 M.J. 314 (C.M.A.1977). Had the appellant actually pled guilty, I would have found that the trial judge failed to conduct a full providence inquiry. I find the same defect in this de facto guilty plea case.

I understand that the law in this area has evolved during the last 30 years. At one time, agreements were limited to pleas and sentence terms. Now, military appellate courts approve a much broader range of pretrial agreement terms. Also, I believe that the range of acceptable terms probably exceeds the limits of those listed in R.C.M. 705(c)(2). However, the pretrial agreement in the instant case goes too far. It became a substitute for the trial on the merits. The merits phase of the trial became nothing more than an empty ritual, a mere expedient for the sentencing phase of the trial. In short, the merits phase of the trial was a sham. Any pretrial agreement which requires such a sham should be void as a matter of law and public policy.

What the trial judge and my brethren approve, I would find contrary to public policy. In United States v. Cassity, 36 M.J. 759 (N.M.C.M.R.1992), this court indicated that "pretrial agreement provisions are contrary to public policy if they interfere with court-martial fact-finding, sentencing, or review functions or undermine public confidence in the integrity and fairness of the disciplinary process." Id. at 762. I conclude that the public has a real interest in preserving a fair military justice system. In United States v. Keyes, 33 M.J. 567 (N.M.C.M.R.1991), our court stated this concept in stronger terms when addressing the viability of a different pretrial agreement provision. We indicated that an accused has no "right or authority to negotiate an agreement in his personal interest that subverts the Government's or the public's right to ensure the integrity of the military justice system." Id. at 568. I believe that the appellant's pretrial agreement undermines public confidence in our system

of justice. This court should not approve of such an agreement.

Although they approve of the appellant's pretrial agreement, my brethren indicate that they are disturbed by its use, which was apparently to avoid a complete *Care* inquiry. They caution counsel against this practice. Unfortunately, practitioners will see the bottom line, that this pretrial agreement has been approved by our court. The cautions expressed by the majority will be recognized as *dicta*, and likely will not be followed.

By approving this agreement, we have not improved our system of justice, done anything to increase public confidence, or enhanced the quality of representation and justice provided to our Marines and Sailors. We have done just the opposite. I would not approve the provisions of the pretrial agreement that require the appellant to present no evidence and call no witnesses on the merits. In my opinion, those terms violate R.C.M. 705(c)(1)(B) and should be deemed void and unenforceable as a matter of law and public policy.